IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-02915-JLK**

**RAYMOND PAUL KNIGHT,**

    Plaintiff,

v.

**CONTINENTAL TIRE NORTH AMERICA, INC.
d/b/a CONTINENTAL TIRE THE AMERICAS, LLC,**

    Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Kane, J.

This matter is currently before me on Defendant's Motion to Dismiss Plaintiff's Claim for Relief under the Family Medical Leave Act (doc. 11) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because Plaintiff has failed to plead his Family Medical Leave Act ("FMLA") claim adequately, Defendant's Motion to Dismiss Second Claim for Relief is GRANTED and Plaintiff's Second Claim is DISMISSED WITHOUT PREJUDICE.

**FACTUAL BACKGROUND[1]**

Plaintiff Raymond Knight was employed by Defendant Continental Tire North America

---

[1] For purposes of considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)). Accordingly, all facts in this opinion are drawn exclusively from Plaintiff's Complaint (doc. 1).

from July 2004 through February 2009.  In 2006, Plaintiff was Defendant's top salesperson, and a formal work review in 2007 rated his performance as "solid."  Plaintiff suffered a heart attack on November 13, 2007, requiring a four-day hospital stay.  In September 2008, Plaintiff was passed over for a Regional Manager position, which he alleges was filled by a younger, less experienced person.  About a month later, Plaintiff was reassigned to a lower paying territory.  Plaintiff alleges that his previous territory was assigned to a younger, less experienced person.  On February 23, 2009, Plaintiff's employment was terminated by Defendant.  Again, Plaintiff alleges that he was replaced by a younger, less experienced person.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

As the Supreme Court recently clarified, however, "*Conley* . . . described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. at 563 (emphasis added). Accordingly, as the Court explained in *Twombly* and reiterated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 570); *see also United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Plausibility does not require detailed factual allegations, but it does require that a complaint contain sufficiently specific factual assertions "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949-50 (Holding that in weighing a motion to dismiss, courts should not consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."). As the Tenth Circuit explains, "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, in this context, plausibility does not equate to probability.

## DISCUSSION

Plaintiff bears the burden of setting forth a prima facie case of his FMLA retaliation claim.[2] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)). In order to meet this burden, Plaintiff must show that: (1) he engaged in an activity protected by the FMLA; (2)

---

[2] Two claims for relief may be advanced under the FLMA: a claim that an employer retaliated against an employee for engaging in activity protected by the FLMA, 29 U.S.C. § 2615(a)(2), and a claim that an employer interfered with an employee's right to take FLMA leave, 29 U.S.C. § 2615(a)(1); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). Although Plaintiff did not identify either theory in his pleadings, it appears from the face of the complaint that he is advancing a retaliation claim. In the alternative, if Plaintiff is advancing an interference claim, Plaintiff has failed to plead with sufficient particularity as to provide Defendant, and this Court, notice of the claim.

Defendant "took an action that a reasonable employee would have found materially adverse;" and (3) there is a "causal connection between the protected activity and the adverse action." *Id.* at 1171.  Once Plaintiff establishes a prima facie case of retaliation, the burden shifts to Defendant to show a non-retaliatory explanation for its action.  *Id.* at 1170.  After Defendant has offered such a reason, the burden shifts back to Plaintiff to demonstrate that the explanation is pretextual.  *Id.*  Because Plaintiff has failed to establish a prima facie case of retaliation, however, I need not address this burden shifting framework.

### 1. Protected Activity

Under the FMLA, an eligible employee may take up to twelve weeks of leave within a twelve-month period for a serious health condition.  29 U.S.C. § 2612.  An eligible employee is one who has worked 1,250 hours during the previous 12-month period, and has been employed for at least 12 months by the employer from whom he requests leave. Id. § 2611(2).  An employer is one who employs 50 or more employees. Id. § 2611(4).  A serious health condition is defined as "an illness . . . that involves inpatient care in a hospital . . . , or continuing treatment by a health care provider." Id. § 2611(11).

Plaintiff alleges that his heart attack, requiring a four day hospital stay, constitutes a serious medical condition under the FMLA, and Defendant does not dispute this allegation. Plaintiff also alleges that Defendant has well over 50 employees.  Although Plaintiff did not directly allege that he is a qualified employee or that his absence from work constituted a leave under the FMLA, his complaint contains sufficient factual allegations to allow me to draw a reasonable inference that Plaintiff was an eligible employee within the meaning of the FMLA and that Plaintiff engaged in an activity protected by the FMLA when he took leave for a serious

medical condition. Accordingly, Plaintiff has adequately pled the first element of his FMLA claim.

        2.      **Materially Adverse Employment Action**

Plaintiff alleges that, as evidenced by a formal evaluation in 2007, his job performance exceeded his employer's expectations in the period before his illness and termination. Despite his exemplary performance, Plaintiff alleges that Defendant took three actions which constituted materially adverse actions towards him. First, on September 1, 2008, Plaintiff did not receive a promotion for a Regional Manager position. Second, on October 1, 2008, Plaintiff was reassigned to a territory with a lower potential for a bonus payment than the territory he was previously assigned. Finally, on February 23, 2009, Plaintiff's employment was terminated.

These allegations are sufficient to establish a materially adverse employment action at this stage of the proceedings.

        3.      **Causal Connection**

Finally, Plaintiff must establish a causal connection between the first and second elements; at least one of the materially adverse employment actions must have been in response to Plaintiff's FMLA protected activity. In establishing causation, the "critical inquiry" is whether the materially adverse actions "occurred under circumstances which give rise to an inference of unlawful discrimination." *Metzler*, 464 F.3d at 1171 (quoting *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002)). Generally, Plaintiff must demonstrate retaliatory motive or bad faith on the part of the employer. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

"Temporal proximity" between the protected activity and the adverse action may serve as

evidence of causation "sufficient to 'justify an inference of retaliatory motive.'" *Metzler*, 464 F.3d at 1171 (citation omitted). When a plaintiff relies solely on timing to demonstrate causation, however, the adverse action should be "*very closely* connected in time to the protected activity." *Id.* (quoting *Anderson v. Coors Brewing*, 181 F.3d 1171, 1179 (10th Cir. 1999) (emphasis in original)).

Plaintiff suffered a heart attack and was hospitalized in mid-November 2007. The first adverse action alleged by Plaintiff, being passed over for a promotion, did not occur until early September, 2008, a full nine months later. Plaintiff's termination did not occur until February 2009, almost fifteen months after his hospitalization. The alleged adverse actions occurred over a span of nine months to over one year after Plaintiff's medical leave; they did not occur "very closely" after his hospitalization. The spare facts alleged in Plaintiff's complaint do not support a reasonable inference that Defendant retaliated against him for taking medical leave. *See Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (holding that three month period between protected activity and adverse action did not, by itself, establish causation).

Plaintiff's only direct allegation relating to the third element of his retaliation claim is simply that his "serious medical condition had a causal connection with Defendant's adverse actions towards him." Complaint (doc. 1) at ¶ 31. This statement, unsupported by any facts, fails to meet the pleading requirements established by *Iqbal* and *Twombly*. Plaintiff simply made the type of unadorned, the-defendant-unlawfully-harmed-me accusation that does not allow me to draw a reasonable inference of wrongdoing by Defendant.

## CONCLUSION

Plaintiff's complaint fails to provide sufficient factual allegations to state a plausible

claim for relief under the FMLA. Accordingly, Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief is GRANTED and Plaintiff's second claim for relief is DISMISSED WITHOUT PREJUDICE.

Dated:  March 29, 2011                                             BY THE COURT:

                                                                   **/s/ John L. Kane**
                                                                   Senior U.S. District Judge