IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-2915-JLK**

**RAYMOND PAUL KNIGHT,**

    Plaintiff,

v.

**CONTINENTAL TIRE NORTH AMERICA, INC,**
**d/b/a CONTINENTAL TIRE THE AMERICAS, LLC,**

    Defendant.

---

MEMORANDUM OPINION AND ORDER

---

**Kane, J.**

This matter is currently before me on Defendant's Motion for Summary Judgment (doc.

29).  Upon consideration of the parties' submissions, I find that there are no genuine issues of

material fact necessitating trial in this matter.  Accordingly, Defendant's Motion for Summary

Judgment is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

**BACKGROUND**[1]

Plaintiff Raymond Paul Knight was first hired as an Area Dealer Manager II ("ADM") by

Defendant Continental Tire in July of 2004.  As an ADM, he was primarily responsible for

---

[1] These facts are taken from the parties' briefs and exhibits.  Because Plaintiff failed in
large part to respond to Defendant's Statement of Undisputed Facts, most of those facts could be
considered undisputed.  In an abundance of caution, however, I have scoured the record in this
case and I have weighed all contrary facts in the record in addition to those raised by Plaintiff in
his Response.  Furthermore, I have drawn all reasonable inferences in favor of Plaintiff (the non-
moving party). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

selling Defendant's products to independent dealers in Colorado, Montana, Wyoming, Nebraska, Oklahoma, Kansas, New Mexico, and Texas.[2]  In fulfilling that responsibility, Plaintiff was expected to make in-person sales calls to the independent dealers, and he traveled extensively throughout his assigned region.

Following a company-wide reorganization in 2007, Plaintiff was reassigned to a new region, spanning Nebraska, Kansas, Iowa, Missouri, and Illinois.  At the time of the reassignment, Plaintiff, who lived in Colorado, complained that he was not reassigned to a territory including his home state.  Nonetheless, after that reassignment, Plaintiff's sales numbers routinely outpaced those of his peers.  Despite his superior sales performance, Plaintiff struggled to fulfill other job duties, namely the timely completion of expense reports and call reports.[3]

In 2008, Plaintiff's supervisor, Dealer Development Manager ("DDM") Jim Farquhar announced his resignation.  As a DDM, Farquhar oversaw the ADMs for the thirteen-state Western Region.  Although Plaintiff had expressed a general interest in being promoted to a DDM position, he neither applied for nor specifically expressed his interest in the Western Region DDM position vacated by Farquhar.[4]

---

[2]  Although not originally included in his original territory, Texas was added to Plaintiff's territory in 2006.

[3]  ADMs were required to submit expense reports within fourteen days after completion of sales trips in order to receive reimbursement for expenses incurred while performing their job duties.  Beginning in September of 2008, they were also required to submit daily call reports providing substantive information about the calls they made on customers.

[4]  Defendant argues he never had notice of the vacancy, but this contention is belied by the record.  *See supra* discussion at 8.

After ADM Dee Dee Otto was promoted to fill the vacant Western Region DDM position, Plaintiff was reassigned to her vacated region (including his home state, Colorado, as well as Nebraska, Utah, Arizona, and New Mexico). As a result of that "mid-year" transfer, Plaintiff contends he was deprived of significant bonus earning potential.

The day before Plaintiff's transfer became effective, his supervisor issued him a memorandum reminding him of his duty to complete call and expense reports in a timely manner. *See* Memorandum from Dave Bjorkman to Paul Knight (doc. 29-22). These issues were reiterated in a November 8, 2008, performance improvement plan, which identified Plaintiff's failure to timely file call and expense reports as the two areas in which he was "falling short of Company expectations." *See* Memorandum from Dee Dee Otto to Paul Knight (doc. 29-25).

Representatives of Defendant met with Plaintiff on December 17, 2008, January 15, 2009, and February 9-10, 2009. At those meetings, Plaintiff was reminded of his duty to submit call and expense reports and warned that failure to comply with that responsibility could result in his termination. Plaintiff failed to correct these issues, and on February 23, 2009 he was terminated.

## STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi. Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id*.

As the moving party, Defendant bears the burden of demonstrating that no genuine issue of material fact exists. *Id.* at 1145. Where, as here, Defendant does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating a lack of evidence for an essential element of Plaintiff's claim. *Id.* In deciding whether Defendant has carried its burden, I do not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to Plaintiff. *Id.* Neither unsupported conclusory allegations nor mere scintilla of evidence, however, are sufficient to create a genuine dispute of material fact on summary judgment. *See Mackenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). If Defendant has carried its burden under Rule 56(c), more than "some metaphysical doubt" as to the material facts must be demonstrated by Plaintiff to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Under the Age Discrimination in Employment Act (ADEA), "it is unlawful for an employer . . . to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1)(2006). The ADEA requires employers "to evaluate [older] employees . . . on their merits and not their age." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993)). Termination of an employee in the protected class does not, standing alone, give rise to an inference of discrimination; employers are free to terminate at-will employees for any reason, as long as it is not unlawful. *Adamson*, 514 F.3d at 1153 (citing *Neal v. Roche*, 349 F.3d 1246, 1252 (10th Cir. 2003)).

4

Accordingly, in order to prevail under the ADEA, Plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (citing *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 141-43, 147 (2000)).  This may be proven either by direct or circumstantial evidence of age-based discrimination.  *Id*.  *See also Adamson*, 514 F.3d at 1145.

Because Plaintiff relies solely on circumstantial evidence to support his claims of discrimination, the familiar *McDonnell Douglas* framework governs my review of Defendant's summary judgment motion.  411 U.S. 792, 802-04 (1973)*; see e.g., Jones v.  Oklahoma City Public Schools*, 617 F.3d 1273, 1278-79 (10th Cir.  2010).  Plaintiff bears the initial burden of establishing a prima facie case of discrimination.  *Id.*  If that burden is met, the burden of production shifts to Defendant, who must offer a legitimate nondiscriminatory reason for its challenged actions.  *Id.*  If Defendant offers a nondiscriminatory reason for its actions, the burden reverts to Plaintiff to show that there is a genuine dispute of material fact as to whether Defendant's proffered reason is pretextual.  *Id*.

Plaintiff accuses Defendant of three instances of age-related discrimination: 1) his termination on February 23, 2009; 2) the promotion of a younger individual to a supervisory position in 2008; and 3) his 2008 transfer from the Kansas Territory to the Colorado Territory.  I consider each instance *seriatim*.

### Termination

*Prima Facie Case*

In order to establish a prima facie case of age discrimination relating to his termination, Plaintiff must show that he was: (i) within the protected class of individuals 40 or older; (ii)

performing satisfactory work; (iii) terminated from employment; and (iv) replaced by a younger

person. *Adamson*, 514 F.3d at 1146 (citing *Greene*, 98 F.3d at 557-60).  While the burden of

establishing a prima facie case is not high, it is real, and must be sufficient to warrant the

presumption of liability in plaintiff's favor.  *See Greene*, 98 F.3d at 558; *accord Adamson*, 514

F.3d at 1146.

Plaintiff establishes the first, second, and fourth elements with ease.  At the time of his

termination, he was 57 years old and the person hired to replace him was 49 years old.  Plaintiff

fails, however, to establish that he was performing satisfactory work at the time of his

termination.

It is beyond question that all ADMs were required to timely submit call and expense

reports as part of their job duties.  On November 6, 2007, Plaintiff's supervisors first informed

him that he had begun to fall behind in his expense reporting duties.  *See* E-mail from T.J.

McKinney to Paul Knight (doc. 29-13).  After that initial notification, Plaintiff was twice

reprimanded for his continued inability to submit his expense reports in a timely manner.  *See* E-

mail from Chris Danes to Paul Knight (doc. 29-15); E-mail from Dave Bjorkman to Paul Knight

(doc. 29-16).

After Defendant instituted the call reporting requirement on September 1, 2008,

Plaintiff questioned the necessity of these reports and routinely failed to submit them on time.[5]

Plaintiff's supervisors repeatedly requested that he complete and submit the call reports in a

timely manner.  *See, e.g*, E-mail from Dave Bjorkman to Paul Knight (doc. 29-21).  Plaintiff

---

[5] Plaintiff continues to question whether call reports were necessary to the satisfactory fulfillment of his primary job responsibilities.  This argument ignores that fact that Defendant had deemed call reporting an important job responsibility, and I decline Plaintiff's invitation to second-guess Defendant's business policies.

himself acknowledges that he was not filing call reports in a timely manner at the time of his

firing.  *See* Deposition of Raymond Paul Knight (doc.  29-7) at p. 245, ll.  16-23.[6]

Because there is no genuine issue of material fact relating to Plaintiff's satisfactory

performance of his employment duties, he has failed to establish a prima facie case of age-

related discrimination for his termination.

### Promotion of a Younger Individual

#### *Prima Facie Case*

In order to establish a prima facie case of age-discrimination for failure to promote,

Plaintiff must establish that he was: (i) within the protected class of individuals 40 or older; (ii)

he applied and was qualified for a job for which Defendant was seeking applicants; (iii) despite

being qualified, he was rejected; and (iv) after his rejection, the position remained open and the

employer continued to seek applications from persons of his qualifications.  *Kendrick v.  Penske*

*Transp.  Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir.  2000).  Defendant argues that because

Plaintiff did not apply for the DDM position, he has failed to establish a prima facie case of

discrimination for its failure to promote him.

Plaintiff does not deny he did not apply for the DDM position.  Instead, he argues that

Defendant did not provide him with notice of the job opening.  This argument is without merit.

Defendant followed its standard procedures in providing notice of the DDM opening.

Motion for Summary Judgment (doc.  29), Fact 13 at 5.  It posted notice physically and on the

---

[6] In an affidavit accompanying his response to Defendant's Motion for Summary
Judgment, Defendant argues alternatively that he had been told that he would not have to
complete call reports after he was reassigned to the Colorado Territory and that he did in fact
submit call reports.  In light of Defendant's submissions and Plaintiff's own admissions, these
statements are not credible.

internet, and it e-mailed notice of the opening to all employees with a conti-na.com e-mail

domain.  Continental Job Posting Program (doc.  29-9).  Although Plaintiff claims he never

received an e-mail notifying him of the job opening, Defendant has introduced into evidence an

e-mail sent on July 21, 2008 to jobs@conti-na.com detailing the job opening.  *See* E-mail from

Brenda Moody (doc.  29-10) at 2.  Even if Defendant did not receive the e-mail, Defendant's

Recruiting Tracking System Database contains a listing for the DDM position posted from July

21, 2008 until July 25, 2008.[7]  DDM Posting (doc.  29-10) at 3.

Because Plaintiff has failed to establish that he either lacked notice of or applied for the

position, he has failed to establish a prima facie case of age-related discrimination related to

Defendant's failure to promote him to the Western DDM position.

### 2008 Transfer

### *Prima Facie Case*

Once again, in order to establish a prima facie case that his 2008 transfer resulted from

age-related discrimination, Plaintiff must establish that he was: (1) within the protected class of

individuals 40 or older; (ii) performing satisfactory work; (iii) suffered an adverse employment

action; and (iv) replaced by a younger person.  Unlike his first two claims, Plaintiff has carried

this burden, if only barely.

---

[7] Plaintiff's contends that because the DDM position document does not have an X in the box marked "Yes" for "Posted Internally", a date on the line titled "From – Until", or "Yes" typed on the line titled "Published" it was not published in accordance with Defendant's standard procedures.  As explained by Defendant's HR Business Partner Amanda Powell, those inconsistences are due to the fact that the document produced in discovery was a screen shot of the record after the posting had been removed from publication.  *See* Affidavit of Amanda Powell (doc.  33-3).

At the time of his transfer he was 57 years old.  The individual hired to replace him as the

ADM for the Kansas Territory was 26 years old.  Although it is unclear whether Plaintiff's

transfer from the Kansas Territory to the Colorado Territory constitutes an adverse employment

action, Defendant has conceded this issue for purposes of its summary judgment motion.

Finally, although Plaintiff had been reprimanded for his failure to provide timely call and

expense reports at the time of the transfer, his supervisors thought his performance sufficiently

satisfactory to warrant continued employment.

### *Facially Nondiscriminatory Justification for Discharge*

Defendant argues that it transferred Plaintiff to the Colorado Territory because he lived in

Colorado and had previously complained about being assigned to a territory that did not include

Colorado.  This constitutes a legitimate, non-discriminatory reason for its actions.

### *Pretext*

Upon proffer of a legitimate, non-discriminatory reason for the termination decision, the

burden shifts back to Plaintiff to "show that his race, age, gender, or other illegal consideration

was a determinative factor in the defendant's employment decision, or show that the defendant's

explanation for its action was merely pretext." *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210,

1216 (10th Cir. 2002)(citing *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th

Cir 2000)).

Plaintiff fails to offer any evidence that Defendant's stated reason for transferring him to

the Colorado Territory was pretextual.  Although his assertion that he had an expectation of

remaining in the Kansas Territory through the end of 2008 bolsters his claim that the transfer

was an adverse employment action, it does not suggest Defendant transferred him because of his

age.

9

**CONCLUSION**

Plaintiff has failed to establish a genuine issue of material fact relating to his claims of age-related discrimination.  Accordingly, Defendant's Motion for Summary Judgment (doc.  29) is GRANTED.


Dated: April 24, 2012                                    BY THE COURT:

                                                         **s/John L. Kane**
                                                         Senior U.S. District Court Judge